UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR MILLER et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 2:09-cv-02033-GMN-LRL |
| UNITED STATES OF AMERICA, | ) ORDER |
| Defendant. | ) |

This case arises out of the Internal Revenue Service's ("IRS") levies against Plaintiffs' earnings. Plaintiffs allege that the levies exceeded their liabilities. Pending before the Court is Defendant's Motion to Dismiss. (*See* ECF No. 10). Responses were due on March 11, 2010. Instead of responding, Plaintiffs filed an ex parte motion to extend time to respond on the day responses were due, arguing that their accountant needed more time because of tax season. The Court granted the motion, extending time until April 26, 2010. (*See* ECF No. 12). On that date, Plaintiffs again filed an ex parte motion for extension of time, requesting an extension until May 17, 2010. The Court granted the motion on May 6, 2010. (*See* ECF No. 15). Plaintiffs responded on May 17, 2010, but it was apparent that no accounting services were in fact needed to respond to the motion. The response consists of one page of argumentation and one exhibit, which Defendant had already itself attached. For the reasons given herein, the Court grants the motion in part, granting summary judgment to Defendant on both causes of action.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiffs Victor and Cora Lee Miller failed to file tax returns for several years. On or about October 15, 2007, Plaintiffs filed their delinquent tax returns for tax years 2000, 2002, 2005, and 2006. On or about December 28, 2007, Plaintiffs filed their delinquent tax return for

tax year 2001.  Plaintiffs variously allege in the Complaint and the response to the present motion that their liabilities to the IRS were satisfied by June 2007 or July 2008, but that Defendant continued to levy against Plaintiffs' earnings until May 2009, in excess of Plaintiffs' liabilities.  Plaintiffs argue that this constitutes a refundable overpayment of income tax under I.R.C. § 6532.  Plaintiffs sued Defendant in this Court on two causes of action: (1) refund of overpayments; and (2) wrongful levy.  Defendant has moved to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Plaintiffs oppose the motion as to the second cause of action only.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377.  A party may move to dismiss a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  Additionally, a court may raise the question of subject matter jurisdiction sua sponte at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003).  Regardless of who raises the issue, "when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 James Wm. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).  A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo. *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

/ / /

**B.     Rule 56(c)**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,

summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. See Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     ANALYSIS**

    **A.     First Cause of Action - Refund of Overpayments**

Sections 6532 and 7422 of the Internal Revenue Code govern suits by taxpayers for overpayment. Defendant does not argue that the first cause of action is improper under the statutes, but rather that there has simply been no overpayment, and that for this reason there is no

"case or controversy" under Article III of the United States Constitution. The Court rejects the "no case or controversy" argument. Plaintiffs allege an overpayment. They may be wrong, but being wrong on the merits does not mean there is no case or controversy under Article III. Because Defendants have attached evidence in support of their motion, however, the Court will convert the motion into a motion for summary judgment, *see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001), and the Court grants summary judgment to Defendant on the merits.

Defendant argues that there is a zero balance between Plaintiffs' liabilities and Defendant's levies minus credits Defendant applied to Plaintiffs' other tax liabilities and overpayment refunds made to Plaintiffs (with interest). Defendant attaches the Declaration of Revenue Officer Advisor Cynthia Unger in support. (*See* Unger Decl., ECF No. 10-1). Unger attests to the authenticity of the attached IRS Forms 4340 for the tax years 2000, 2001, 2002, 2005, and 2006. (*See id.* at 4–33). For each IRS Form 4340, a custodian of records has certified its authenticity. (*See id.* at 4, 16, 22, 26, 30). For tax year 2000, the IRS Form 4340 indicates a zero balance of assessments/debits versus payments/credits. (*See id.* at 15). There are also zero balances on the IRS Forms 4340 for tax years 2001, 2002, 2005, and 2006. (*See id.* at 21, 25, 29, 33). Although the affidavit and certifications are sufficient evidence for the purpose of meeting a summary judgment burden, a spot check of the itemized IRS Form 4340 for tax year 2006 indicates assessments/debits of $54,969, $1169, $850.24, $1074.40, $106.28, and $190.32. (*See id.* at 31–32). By an independent calculation, this totals $58,359.24. The form indicates payments/credits of $16,153, $7500, $10,000, $51.23, $8.77, $22,425, and $2221.24. (*See id.* at 31). This also totals $58,359.24.

Defendant has carried its initial burden to show a lack of a genuine issue of material fact as to overpayment. Plaintiffs have not attached any contrary evidence in response and in fact

have affirmatively declined to oppose the present motion as to the first cause of action. (*See* Resp. 1, ECF No. 17). They have therefore failed to satisfy their shifted burden under the summary judgment standard. The Court grants summary judgment to Defendant on the first cause of action.

### B. Second Cause of Action - Wrongful Levy

Defendant argues there is no subject matter jurisdiction over this claim because Plaintiffs have failed to establish any waiver of sovereign immunity with respect to it. The United States cannot be sued unless Congress has specifically waived sovereign immunity, and such waivers are construed narrowly in favor of the sovereign. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). Wrongful levy claims are permitted against the United States, but not by "the person against whom is assessed the tax out of which such levy arose." I.R.C. § 7426(a)(1). Like any waiver of sovereign immunity, § 7426 "must be construed strictly in favor of the government." *Sessler v. United States*, 7 F.3d 1449, 1452 (9th Cir. 1993). Because Plaintiffs affirmatively allege that the underlying tax liabilities were their own, (*see, e.g.*, Compl. ¶ 10 ("Plaintiffs paid in all amounts necessary to satisfy their liability to the United States . . . .")), sovereign immunity against their claim for wrongful levy is plainly not waived under § 7426, and Defendant is entitled to dismissal of the second cause of action insofar as it alleges a violation of § 7426.

Plaintiffs respond, however, that the second cause of action is not brought under § 7426 but under § 7433. Plaintiffs appear to admit that the amount allegedly wrongfully levied from July 2008 to January 2009 has been returned or otherwise credited; however, Plaintiffs argue that this does not make the present action moot. The statute permits damages of the lesser of (1) $1,000,000 or (2) "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee," as well as

costs. 26 U.S.C. § 7433(b). Plaintiffs do not allege any "actual, direct economic damages." The evidence they attach shows a zero balance of tax liability in light of refunds given on January 5, 2009 and February 9, 2009. (Resp. 10–11). Nor is there any economic damage from the lost time value of the funds allegedly levied in excess of liability, because the IRS credited Plaintiffs with interest for these levies. (*See id.* at 10). There are simply no damages here. The evidence shows that Plaintiffs and the IRS are square. The Court therefore grants summary judgment to Defendant on the second cause of action.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED in part. The Court grants summary judgment to Defendants.

DATED this 9th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE